23 F.3d 395
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Ivan SANCHEZ-PEREZ, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 93-2168
 United States Court of Appeals,
First Circuit.
 May 11, 1994
 
 Appeal from the United States District Court for the District of Puerto Rico [Hon. Hector M. Laffitte, U.S. District Judge ]
 Ivan Sanchez-Perez on brief pro se.
 Guillermo Gil, United States Attorney, and Joseph J. Frattallone, Assistant United States Attorney on brief for appellee.
 D Puerto Rico
 AFFIRMED
 Before Torrurlla, Selya and Stahl, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Ivan Sanchez-Perez pled guilty to unlawful possession in a vessel of approximately 34.5 kilograms of cocaine, and of aiding and abetting same, in violation of 21 U.S.C. Sec. 955 and 18 U.S.C. Sec. 2. He was sentenced to a term of 170 months imprisonment, a fine of $10,050, and a five year period of supervised release. Appellant did not file a direct appeal. Instead, he sought to vacate his sentence pursuant to 28 U.S.C. Sec. 2255 on the grounds that (1) the imposition of the fine was a denial of his fifth amendment right to due process of law and a violation of the eighth amendment prohibition against cruel and unusual punishment; and (2) he was denied effective assistance of counsel because his attorney did not object to the imposition of the fine and because the attorney's representation of a co-defendant caused a conflict of interest. We affirm the district court's dismissal of appellant's petition.
 
 
 2
 Appellant asserts that the court erred in imposing a fine upon him because (1) he was indigent and therefore was exempt from a fine; (2) the fine was unduly burdensome upon him and his daughter to whom he is obligated to provide $200 per month in child support; and (3) the court made no specific findings of the reasons for the fine. We review imposition of fines only for abuse of discretion. United States v. Savoie, 985 F.2d 612, 620 (1st Cir. 1993).
 
 
 3
 The court did not abuse its discretion in imposing a fine. According to the guidelines in effect at the time of appellant's sentencing, the court was required to impose a fine unless a defendant established that "he [wa]s not able and, even with the use of a reasonable installment schedule [wa]s not likely to become able to pay all or part of the fine required by the preceding provisions, or (2) imposition of a fine would unduly burden the defendant's dependents." U.S.S.G. Sec. 5E4.2(f) (1988) (emphasis added).[1] Hence, under the guidelines, "a fine is the rule-and it is defendant's burden to demonstrate that his case is an exception." Savoie, 985 F.2d at 620. Although the presentence report stated that appellant did not appear to have the ability to pay a fine, it also reflected that appellant was in good physical and emotional health, possessed a high school diploma, was employed at the time of his arrest, and had been employed, at least temporarily, for most of the past five years.[2] These uncontested facts support a conclusion that appellant has the earning capacity to become able to pay a fine. See United States v. Hagmann, 950 F.2d 175, 185-86 (5th Cir. 1991) (indigency at time of sentencing does not preclude imposition of fine), cert. denied, 113 S.Ct. 108 (1992). Moreover, appellant has failed to adduce any evidence either that he is unable, with the use of a reasonable installment schedule,[3] to pay the fine, or that his daughter has been unduly burdened as a result of the payments he has been required to make. See U.S.S.G. Sec. 5E4.2(f) (defendant bears burden of establishing that he is not able to pay fine with reasonable installment schedule or that fine would unduly burden dependent).
 
 
 4
 Nor was the fine unduly burdensome. In determining the amount of the fine, the court was required to consider, inter alia, "the ability of the defendant to pay the fine (including his ability to pay over a period of time) in light of his earning capacity and financial resources"; and (2) "the burden that the fine places on ... his dependents." U.S.S.G. Sec. 5E4.2(d). However, the court must also consider "the need for the combined sentence to reflect the seriousness of the offense, ... to promote respect for the law, to provide just punishment and to afford adequate deterrence." Id. In light of the evidence supporting appellant's earning capacity and the lack of evidence of any effect on appellant's daughter, we think that the court's imposition of a fine beneath the $17,500 minimum called for by the guidelines[4] is adequate indication that it took all these factors into account. See Hagmann, 950 F.2d at 185 (imposition of only fraction of maximum possible fine implies that court took into account defendant's ability to pay).
 
 
 5
 Furthermore, since the record indicates that the court did consider defendant's ability to pay and is sufficient to allow for adequate appellate review, the sentencing court was not required to make specific findings or delineate its reasons for imposing the fine it did. See Savoie, 985 F.2d at 620; United States v. Wilfred American Educ. Corp., 953 F.2d 717, 719-20 (1st Cir. 1992).
 
 
 6
 Finally, given that we find no error in the imposition of the fine upon appellant, we reject his claim of ineffective assistance of counsel insofar as that claim is predicated on counsel's alleged errors in failing to object to the fine. To the extent appellant's claim is predicated on counsel's alleged conflict of interest, we affirm its dismissal essentially for the reasons stated by the district court in its opinion and order dated August 2, 1993.
 
 
 7
 Affirmed.
 
 
 
 [1]
 The applicable provision of the current guideline is to the same effect. See U.S.S.G. Sec. 5E1.2(f)
 
 
 [2]
 The PSI also indicated that appellant had unencumbered assets of $2,000
 
 
 [3]
 According to the unopposed statement of the government, appellant is currently required to pay less than $6.00 per month. Furthermore, since appellant's fine is not a stand- committed fine, failure to make the required payments will not delay his release from prison
 
 
 [4]
 The guidelines called for a maximum fine of $4,000,000